ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HERMERIS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2531-JAR |
| | ) |
| MATTHEW DOUGLAS BRANDENBURG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff filed this action alleging copyright infringement and state law tort claims, premised on the allegation that defendants infringed upon federally registered copyrights in the content and source code of its online document preparation business, located at the Internet domain name www.SimpleFilings.com. Before the Court is defendant ThePlanet.com Internet Services, Inc.'s Motion to Dismiss (Doc. 20), seeking to dismiss plaintiff's claim for copyright infringement with regard to two of the three websites at issue in this matter. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court grants in part and denies in part defendant's motion to dismiss.

**I.      Standard**

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly* seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[5] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[2]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[3]*Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009).

[4]*Id.*

[5]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[6]*Id.* (citing *Twombly*, 550 U.S. at 556).

[7]*Iqbal*, – U.S. –, 129 S. Ct. at 1949-50.

[8]*Id.* at 1950.

entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## II. The Complaint

The following facts are alleged in plaintiff's Complaint and construed in the light most favorable to plaintiff. Plaintiff owns and operates an online document preparation business located at the Internet domain name www.SimpleFilings.com ("plaintiff's Website"). Through plaintiff's Website and for a fee, plaintiff offers the following services and products: (1) assistance with and custom forms and instructions for obtaining Employer Identification Numbers for taxation purposes; (2) assistance with and custom forms and instructions for forming limited liability companies, corporations, and other business entities; and (3) assistance with and custom forms and instructions for registering DBAs. Plaintiff has federally registered copyrights in the content and source code of plaintiff's Website.

Defendant ThePlanet.com Internet Services, Inc. ("ThePlanet") hosted at least three websites owned and operated by defendants INCOMEINC.COM, LTD., Matthew Douglas Brandenburg, Incomeinc, Inc., and Incorporate Success, LLC (collectively, the "Brandenburg defendants") that infringed plaintiff's copyrights: www.IRS-EIN-online.com ("defendants' First Website"), www.federal-ein-application.com ("defendants' Second Website"), www.federal-tax-identification.com ("defendants' Third Website") (collectively, "defendants' websites").

---

[9] *Id.*

[10] *Id.* at 1949.

ThePlanet hosted the defendants' websites and profited from hosting defendants' websites. ThePlanet had actual knowledge of the infringement contained on defendants' First Website, but declined to exercise its right to take it down and stop the infringement. ThePlanet had notice that defendants' First Website infringed plaintiff's copyrights. Defendants' Second and Third Websites, which ThePlanet hosted, were substantially similar.

Paragraph 123 of the Complaint provides: "By hosting Defendants' Websites on ThePlanet's servers and refusing to take down Defendants' Websites after notice from Plaintiff, ThePlanet knowingly and willfully contributed to the copyright infringement committed by [the Brandenburg Defendants] . . . and/or knowingly and willfully aided, abetted, and induced [the Brandenburg Defendants]. . . in infringing Plaintiff's copyrights. . . ." Paragraph 128 of the Complaint provides: "By means of the actions complained of herein, ThePlanet has willfully and wrongfully infringed and will continue to infringe upon Plaintiff's copyrights. . . ."

Hermeris' Complaint includes Counts I-VIII as follows: Copyright Infringement (Brandenburg's First Website) (Count I); Copyright Infringement (Brandenburg's Second Website) (Count II); Copyright Infringement (Brandenburg's Third Website) (Count III); Copyright Infringement against ThePlanet (Count IV); Conversion (Count V); Common Law Unfair Competition (Count VI); Breach of Contract (Count VII); and Civil Conspiracy (Count VIII). Counts I-III and V-VIII were brought against defendant the Brandenburg defendants only.

## III. Discussion

In the instant motion to dismiss, ThePlanet requests dismissal of Count IV, plaintiff's claims against ThePlanet for copyright infringement with regard to defendants' Second and Third Websites. In its response memorandum, plaintiff makes clear that Count IV of the

Complaint is brought based on two theories of liability: direct and indirect copyright infringement. ThePlanet argues that the Complaint fails to state a claim for which relief may be granted on both theories of infringement.

### A.     *Direct Liability for Copyright Infringement*

To establish a claim for copyright infringement, plaintiff must show: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.[11] Plaintiff bears the burden of proof on both elements.[12] Defendant argues that there are no factual allegations that it copied elements of plaintiff's valid copyright; plaintiff only alleges that ThePlanet hosted the Brandenburg defendants' websites. ThePlanet argues that merely hosting the websites does not rise to the level of copying, which is required to plead a cognizable claim for copyright infringement. The Court agrees. In support of its contention that it states a claim against ThePlanet for direct infringement, plaintiff points to paragraph 128 of the Complaint, but that paragraph states a legal conclusion, not a factual allegation. The Court need not accept as true plaintiff's statement that "ThePlanet has willfully and wrongfully infringed and will continue to infringe upon Plaintiff's copyrights." There is no factual allegation to support the necessary element of a direct infringement claim that ThePlanet copied constituent elements of plaintiff's copyright; liability is entirely premised on defendant's participation as the host of the Brandenburg defendants' websites. Plaintiff's claim for direct infringement against defendant ThePlanet in Count IV of the Complaint is therefore dismissed.

---

[11]*La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009).

[12]*Id.*

## B. Secondary Liability for Copyright Infringement

Two doctrines of secondary liability for copyright infringement are "well established in the law."[13] "One infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it."[14] Plaintiff claims that ThePlanet is liable under both theories of secondary liability.

### 1. Contributory Infringement

To prove inducement of infringement, a plaintiff must show that the defendant took "active steps" to encourage direct infringement.[15] Inducement requires "purposeful, culpable expression and conduct."[16] Therefore, to show contributory infringement, plaintiff must allege: (1) direct copyright infringement by a third-party; (2) knowledge by the defendant of the direct infringement; and (3) material contribution to the infringement.[17]

ThePlanet argues that plaintiff's claim of contributory infringement with regard to plaintiff's Second and Third Websites is not plausible on its face because plaintiff has not pled that ThePlanet had knowledge of the alleged direct infringement by the Brandenburg defendants. The Complaint alleges that plaintiff provided notice to ThePlanet of alleged direct infringement

---

[13] *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 930 (2005).

[14] *Id.*

[15] *Id.* at 936.

[16] *Id.* at 937.

[17] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007); *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004); *Columbia Pictures Indus., Inc. v. Redd Horne, Inc.*, 749 F.2d 154, 160 (3d Cir.1984); *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971); *Arista Records LLC v. Lime Grp. LLC*, 715 F. Supp. 2d 481, 515 (S.D.N.Y. 2010); *Shell v. Am. Family Rights Ass'n*, No. 09-CV-00309-MSK-KMT, 2010 WL 1348548, at *16 (D. Colo. Mar. 31, 2010).

by the Brandenburg defendants with respect to plaintiff's First Website. The Complaint further alleges that the Second and Third Websites are substantially similar to the First Website. Plaintiff may establish defendant's knowledge by showing either actual or constructive knowledge of the direct infringement.[18] Plaintiff's allegations are plausible on their face because, assuming the facts alleged in the Complaint are true, ThePlanet had constructive knowledge of the direct infringement by the Brandenburg defendants based on plaintiff's allegations that ThePlanet had actual knowledge of the direct infringement involving the First Website and that the Second and Third Websites are substantially similar to the First Website. Given these factual allegations and viewing the facts in the light most favorable to plaintiff, it is reasonable to infer that ThePlanet should have known that the Second and Third Websites directly infringed upon plaintiff's copyright.

Next, ThePlanet argues that plaintiff fails to state a claim because there are no allegations that it materially contributed to the infringement by taking affirmative steps to encourage the infringement. A number of courts have held that in the context of imposing liability on a provider of Internet access or services: "if a computer system operator learns of specific infringing material available on his system and fails to purge such material from the system, the operator knows of and contributes to direct infringement."[19] Here, the Complaint alleges that plaintiff notified ThePlanet of specific infringing material available on one of the websites it hosted, that ThePlanet took no action after being apprised of the allegedly infringing material,

---

[18]*See, e.g.*, *Arista Records LLC*, 715 F. Supp. 2d at 515; *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1106–07 (N.D. Cal. 2008).

[19]*Perfect 10, Inc.*, 508 F.3d at 1171 (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001)); *Arista*, 715 F. Supp. 2d at 515–16.

and that it hosted two other websites by the same defendants that were substantially similar and failed to purge the material from the system. These facts are sufficient to state a plausible claim for contributory infringement.

### 2. Vicarious Infringement

A defendant is vicariously liable for copyright infringement "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement."[20] ThePlanet first argues that plaintiff has not pled that ThePlanet declined to exercise a right to stop or limit the infringement with regard to the Second and Third Websites. ThePlanet urges that the only website about which it had knowledge was the First Website. The standard for vicarious liability does not require actual knowledge of the alleged direct infringement; therefore, ThePlanet's actual knowledge that the Second and Third Websites were infringing is not required for liability. Plaintiff has pled that ThePlanet should have known that the Second and Third Websites were infringing based on their substantial similarity to the First Website.

ThePlanet further argues that dismissal of plaintiff's vicarious liability claim is appropriate because it has not pled that ThePlanet had the right and ability to stop the allegedly infringing activity related to the Brandenburg defendants' websites. Plaintiff points to its allegation that ThePlanet is the website's host, and viewing the factual inferences in the light most favorable to plaintiff, it had the right and ability to take down the websites. The Court agrees that plaintiff has alleged sufficient facts to give rise to a plausible claim for vicarious copyright infringement against ThePlanet because, as host of the websites, it is reasonable to

---

[20]*Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 931 n.9 (2005).

assume that it had the right and ability to stop or limit the Brandenburg defendants from displaying or distributing the allegedly infringing materials on the Internet.[21]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant ThePlanet.com Internet Services, Inc.'s Motion to Dismiss (Doc. 20) is granted in part and denied in part. Defendant's motion to dismiss is granted to the extent Count IV asserts a claim of direct copyright infringement; the motion to dismiss is denied as to the claims of contributory and vicarious copyright infringement.

**IT IS SO ORDERED.**

Dated: January 23, 2011

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[21]*See Perfect 10, Inc.*, 508 F.3d at 1173–74 (discussing the "control" element of vicarious liability).